[No. 23509.   *En Banc.*   April 4, 1933.]

C. R. CAMPBELL *et al., Appellants,* v. BUCYRUS-ERIE COMPANY, *Respondent.*[1]

*Paul W. Houser* and *Rummens & Griffin,* for appellants.

*Grinstead, Laube, Laughlin & Meakim* and *L. C. Brodbeck,* for respondent.

[1]Reported in 20 P. (2d) 594.

Parker, J.—The plaintiffs, Campbell and Davis, commenced this action in the superior court for King county seeking recovery of damages from the defendant, Bucyrus-Erie Company, alleged as the result of its breach of warranty touching the quality and working efficiency of a Diesel engine driven caterpillar shovel which was under conditional contract of sale from the defendant to the plaintiffs. Trial upon the merits in the superior court, sitting without a jury, resulted in findings and judgment denying to the plaintiffs any recovery, from which they have appealed to this court.

At all times here in question, and for a long time prior thereto, the appellants, Campbell and Davis, were highway construction contractors. The respondent company was at all such times a manufacturer of power driven shovels for use in such work. In October, 1928, Campbell and Davis entered into a contract with the state of Washington by which they were to improve, by grading, a section of one of its highways in Klickitat county. The contract contemplated the removal of approximately 212,000 yards of excavation with a power shovel, for which, upon completion in December, 1929, Campbell and Davis were paid by the state approximately $148,000.

On November 5, 1928, Campbell and Davis entered into a conditional sale contract with the company for their purchase from it of a Diesel engine driven caterpillar shovel; it being contemplated by the parties that the shovel was to be used by Campbell and Davis in the prosecution of their work under their state contract. The agreed purchase price was $17,236.30, payable $7,400 at the time of the execution of the conditional sale contract, the balance to be paid in fourteen equal monthly installments, commencing December 10, 1928, the deferred payments to bear in-

terest at the rate of six per cent per annum. The conditional sale contract contained, among other provisions, the following:

"GUARANTY: We guarantee the machine to be built of sound high-grade material throughout, and in a workmanlike manner. We further guarantee the machine to work properly with reasonable care and attention, and to develop its rated working speeds and to operate at its rated working ranges. Any material proving defective and reported to us at South Milwaukee, Wisconsin, within six months after delivery of the machine, will be replaced free of charge f.o.b. cars our works. We shall not be liable for any consequential damages, or implied warranties."

Campbell and Davis timely paid upon the agreed purchase price the first installment of $7,400 and the monthly installments due in December, 1928, and January, 1929; thus so paying on the agreed purchase price the sum of $8,853.77. No further payments were made upon the agreed purchase price. This is one item of their claim of recovery against the company.

On November 22, 1928, the shovel was delivered by the company to Campbell and Davis, and they commenced to operate it in the prosecution of the work under their state contract, continuing to so operate it until they completed that work in December, 1929; that is, for a period of more than twelve months, except that, during that period, the shovel was idle, by reason of being out of working order, during seven separate periods aggregating forty-seven working days. During those periods, the overhead expense of Campbell and Davis incurred in their carrying on of the work continued. Such expense during that period, they claim, aggregated $2,040.30. This is another item of their claim of recovery against the company.

Campbell and Davis claim to have necessarily expended in repairs to the shovel and replacing parts

alleged as the result of defective original parts sums aggregating $2,688.74. This is another item of their claim of recovery against the company.

When Campbell and Davis completed their work under their state contract in December, 1929, they abandoned the shovel and refused to pay the balance of the agreed purchase price or any portion thereof. Thereupon the company repossessed the shovel, claiming the right so to do under the default provisions of the conditional sale contract, without rendering itself accountable to Campbell and Davis for any portion of the agreed purchase price paid to it by them up to and including the January, 1929, installment.

It is contended in behalf of Campbell and Davis that they are entitled to recover from the company the sum of $8,853.77 paid by them upon the purchase price of the shovel up to and including the installment due in January, 1929. The theory of this contention, as we understand their counsel, is that they refused at all times to accept the shovel because of its inherent defects. It seems to us that this contention is answered by their use of the shovel. It was the only shovel used by them in the performance of their state contract. With it they removed approximately 212,000 yards of excavation, as required by the terms of their state contract. Deducting the forty-seven working days when the shovel was under repairs and disabled from working from the twelve months' period of the prosecution of the work, it appears plain that the shovel worked effectively during at least ten months of that twelve months' period. Campbell testified that:

"When it [the shovel] worked, it worked excellent. We hadn't any objections to the performance of the shovel whatsoever. It had plenty of power and plenty

of speed, and its capacity was enormous, but it wouldn't hold together. It wouldn't stand its own operation.''

It seems plain to us that the use of the shovel, its efficient operation when it worked and the manifest benefit it rendered to Campbell and Davis during this long period of twelve months, with the exception of forty-seven working days, and their failure to tender it back to the company until the completion of their state contract, argue little short of conclusively that they did accept it.

█ It is plain that, when Campbell and Davis abandoned the shovel upon their completion of their state contract in December, 1929, they were in default in payment of all the agreed monthly installments on the purchase price due for February to December, 1929, inclusive, with interest, in a sum aggregating approximately $8,000. Clearly, upon their refusal to pay any portion of those defaulted installments, the company was within its rights in repossessing the shovel without incurring any obligation to Campbell and Davis to account for the payments made upon the agreed purchase price thereof up to and including the January, 1929, installment. So we conclude that Campbell and Davis have no right to recovery against the company for any portion of the agreed purchase price so paid by them. The company is not seeking to recover any more of the agreed purchase price. Indeed, it could not successfully do so, having elected to repossess the shovel and retain the paid portion of the purchase price, as was its right of election. The terms of the conditional sale contract gave it the right so to do.

█ Now, what are the rights of Campbell and Davis with reference to their claim of damages against the company made up of their claimed expenditure

for repairs and replacing defective parts of the shovel in the sum of $2,688.74, and their claimed overhead expenses incurred incident to the prosecution of their work under their state contract during the forty-seven working days the shovel was disabled from working, in the sum of $2,404.30, in all the sum of $5,093.04? We shall assume for present purposes, as the trial judge evidently did, that Campbell and Davis are entitled to charge these items against the company as damages so suffered by them, though there are some items in those charges that are of doubtful merit. However, that does not necessarily entitle them to recover from the company. The trial judge found, which finding is well supported by the evidence, as follows:

"That the reasonable rental value of the said shovel was the sum of $800 per month when operated on one shift, and the sum of $1200 per month when operated on two shifts, and that the plaintiffs operated the said shovel at least four-fifths of the time while construction was going on, and operated the said shovel on two shifts during most of that time. That the reasonable rental value for the said shovel while the same was in the possession of and used by the plaintiffs greatly exceeds any damage suffered by them."

So it is apparent that, while these two items of repair and overhead expenditure damage aggregated only $5,093.04, the beneficial use of the shovel to Campbell and Davis aggregated at least $10,000. We agree with the trial judge that these considerations call for denial of any recovery in favor of Campbell and Davis against the company.

The judgment is affirmed.

ALL CONCUR.